## NEGRO DAVE et al. v. ANN HOUSTON.

Court of Common Pleas.   April, 1801.

*Wilson's Red Book, 363.*

*Bayard* for the defendant objected to their competency.   A wife as administratrix holds the personal chattels of her intestate in *auter droit*.   The marriage can only make her own property to become that of her *baron's*.   It can in no manner affect the rights of others.   Her legal capacity as administratrix is totally distinct from her personal or private capacity.   The former is not merged in her baron by marriage, for upon her death he has no right to the administration *de bonis non*.   Nor is it only in this case that they are considered as distinct persons, for we know that a wife may be an attorney in fact for her husband.   The acknowledgment of a husband would not revive a debt against executrix, for so the acknowledgment of a disinterested person would have the same effect as if made by parties in interest.   If Jesse Griffeth's acknowledgment should have the effect to free the Negroes, as they have not been appraised, he would affect the estate of intestate by destroying assets with which he is not charged, and for which he can never be made liable.   It has been lately solemnly adjudged, (and it is remarkable that a point of such magnitude should have remained so long undecided) that goods in the hands of administratrix are not liable to her husband's debts.   As the fund is distinct, and as a legal capacity is given to her for the management of it, he can do nothing affecting it without her consent.   Otherwise why should not letters of ad-

ministration be given to the husband where the wife is entitled? Yet we see the wife proceeds in the administration after her husband's death; and where he survives the estate is not suffered to rest in his hands.

*Wilson* for the petitioners. It was rightly said by the counsel for defendant that assets are not liable for the proper debts of administratrix or her husband, but he should have added that the rule is confined to cases where there is notice to the officer or to the plaintiff, or where there is a claim or a competition by the heirs, legatees or creditors of the deceased; for it was expressly ruled in the case of *Farr and Newman,* 4 Term 647, that if none of those circumstances occur, the property shall be deemed to be his in whose hands it was found, in the same manner as though originally his, or as having become his by payment of all the debts of intestate. But it would not affect the question before the court if assets could in no case be taken in execution for the proper debt of an administrator; this not being the case of an execution, it is sufficient for our purpose if an administrator may dispose of the assets without subjecting the purchaser to loss in the event of a misapplication of the money, *vide* 4 Term 625 n., and this is fairly admitted by Ashurst, J., in the case last cited, for he acknowledges that the bare act of sale by administrator is a sufficient indemnification to the purchaser, if there be no collusion. If defendant had herself sold or disposed of the Negroes or manumitted them, neither the sale nor manumission could have been affected by a misapplication of the money or by her not appraising or accounting for them.

As no one would deal with administrators if they could not dispose of the assets at pleasure, so we may also say of the husband of administratrix. I acknowledge the goods of her intestate are in her in *auter droit—in jure alieno,* 2 P.Wms. 212—and do not become absolutely his by marriage; otherwise they could not be subjected to the demands due from intestate, yet it does not follow that he shall not intermeddle with them. If it was so, why not sue administratrix without naming the husband, or why not sue in the name of the administratrix alone? The learned counsel says the husband cannot interfere without the consent of administratrix. This I deny. "He may reduce all the assets into possession and would only be liable on a *devastavit* if he did not pay the debts, etc." These are the words of Lord Kenyon in *Ankerstien v. Clarke,* 4 Term 616. There the husband chose to sue in his own name on a bond which was given to him and her as administratrix and by so doing reduced the debt to his own possession. If a man is liable for the waste of assets made by his

wife, administratrix, before her marriage with him, 1 Bac.Abr. 293, as well as the waste during marriage, his case is intolerable if he cannot dispose of assets without his wife's express consent. The truth is, every executor or administrator is but trustee for others. Assets are called *bona testatoris,* and the executor is paid to detain them. The trusts survive to the wife, executrix; or as far as not executed, she may in some cases transfer the trust to a third person at her death, and when administratrix the trust does not survive her but must be removed to some other person; but during the marriage the laws contemplate *baron et feme* as one person and allows them but one will, which it places in the husband, 1 Bac.Abr. 286, because his estate is answerable if there is a waste or breach of trust. In all cases for debts due her he may sue in his own name; and might be sued for debts due from her without joining her, if it would not be a means of making him liable after she is dead, 7 Term 350. We do not deny their persons to be distinct, for a contrary supposition physically speaking were absurd, but the validity of a power of attorney from *baron* to *feme,* so far from proving their persons distinct in law, shows that without such authority she could not act, that his will alone is regarded until he executes a warrant of attorney to her, thereby giving and she receiving a portion of his authority to be exercised in his name. The right of administrator is the personal right of the kindred of intestate, and therefore upon the death of wife it is improper to give it to the *baron,* who is supposed a stranger; yet by marriage, he, during that period, exercises the authority over the assets, receives the profits, and is liable for waste. Jesse Griffeth is therefore the real administrator. His sale or manumission is binding. He is liable to suits and may sue, joining the name of his wife, *pro forma,* and is to make good to the heirs not only for what slaves of the estate he has manumitted or may manumit, but also for the past acts of his wife of a similar nature.

PER CURIAM. BOOTH, C. J. It is the opinion of the Court that the notes are not to be received in evidence.

*N. B.* After a long detail of evidence, the cause was submitted to the Court without argument, who directed a judgment of manumission to be entered, from which the defendant took an appeal.